**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>  Plaintiff,<br><br>  v.<br><br>**PEDRO RODRIGUEZ-VALENTIN [2],<br>JULIO VALENZUELA-MOREL [3],<br>JOSUE TORRES-COLON [4],**<br><br>  Defendants. | CRIM. NO. 018-055(PG) |

## OMNIBUS ORDER

Before the Court are c0-defendants Pedro Rodriguez-Valentin's ("Rodriguez") and Josue Torres-Colon's ("Torres") motions for dismissal. See Dockets No. 113, 254, 255. The government opposes said motions. See Dockets No. 264, 265. Although co-defendant Julio Valenzuela-Morel ("Valenzuela") has not moved to dismiss, he is included here because he is similarly situated. For the reasons set forth below, the motions are **DENIED**.

  A. Discovery

Rodriguez and Torres move for dismissal on the basis that extensive discovery has not been made available to them, and that the same contains potential Brady material. However, after extensive review of the record, the Court finds that all evidence relevant and owed to both defendants, as well as to Valenzuela, has been provided to them in discovery. As such, there is no basis on which to grant the draconian relief of dismissal. See United States v. Aviles Sierra, 552 F. Supp. 2d 205, 208 (D.P.R. 2007); United States v. Josleyn, 99 F.3d 1182, 1196 (1st Cir. 1996). Rodriguez's and Torres' motions to dismiss the indictment due to a discovery violation thus fail.

  B. Speedy Trial

Torres also moves for dismissal of the indictment due to an alleged violation of his Sixth Amendment right to a speedy trial. In assessing a claim that a defendant has been deprived of his

Sixth Amendment right to a speedy trial, courts consider the four Barker factors, "which include the length of delay; the reason assigned by the government for the delay; the defendant's responsibility to assert his right; and prejudice to the defendant, particularly to limit the possibility that the defense will be impaired." United States v. Handa, 892 F.3d 95, 101 (1st Cir. 2018)(citing Barker v. Wingo, 407 U.S. 514, 532 (1972)).

The Court will only consider a single Barker factor: prejudice to the defendant.[1] Although the Barker test is one of balancing factors, the absence of a developed argument as to prejudice (arguably the most important factor) necessarily dooms a defendant. As to this factor, Torres only provides the Court a short paragraph that is essentially a boilerplate recital of what constitutes prejudice, preceded by the simple statement "Mr. Torres-Colon is currently experiencing prejudice." This is not enough. Undeveloped arguments are deemed waived.[2] See United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990). As such, Torres' motion to dismiss the indictment due to a violation of his Sixth Amendment speedy trial rights thus fails.[3]

For the reasons above, Rodriguez's and Torres' motions are **DENIED**.

**IT IS SO ORDERED**.

In San Juan, Puerto Rico, July 13, 2020.

S/ JUAN M. PÉREZ-GIMÉNEZ
**JUAN M. PÉREZ-GIMÉNEZ**
**SENIOR U.S. DISTRICT JUDGE**

---

[1] The Court notes, without more, that Torres' characterization of the reasons for delay is misguided.
[2] Torres' argumentation as to the other three Barker factors is plagued by similar deficiencies.
[3] Furthermore, a considerable chunk of the time Torres has waited for trial has been spent serving a sentence for a separate criminal charge which resulted in a conviction. See Criminal Case 17-483 (ADC).